FOREMAN et al. v. J. M. BENAS & CO.

(District Court, S. D. New York.   December 17, 1917.)

1. SEAMEN ⬅7—ARTICLES—PAROL EVIDENCE RULE.
   Oral representations are merged in subsequently signed articles for voyage, and afford seamen no ground for recovery.

2. SEAMEN ⬅7—COMPENSATION—CONSIDERATION.
   An agreement, after the signing of articles for a voyage, to pay seamen, in event of the happening of a contingency, a sum greater than they would be otherwise entitled to, is unenforceable, because without consideration.

3. SEAMEN ⬅16—COMPENSATION—DESTRUCTION OF VESSEL—CARRYING OF CONTRABAND.
   Where seamen signed articles for a voyage on an American vessel from New York to London and such other ports in Europe, including the war zone prescribed by the German Empire, as the master might direct, and back to a final port of discharge in the United States, and the vessel was torpedoed, apparently in the war zone prescribed, that the vessel, unknown to the seamen, carried contraband to belligerents engaged in war with such empire does not entitle the seamen to wages after the destruction of the vessel, for, as the German Empire had prescribed a war zone in violation of international law, the fact of the carrying of contraband without notice to the seamen did not increase the risk for which the articles provided by authorizing passage through the war zone.

4. SEAMEN ⬅16—WAGES—RIGHT TO.
   The torpedoing by a German submarine of an American vessel terminated the voyage, the articles contemplating such termination by prescribing that the voyage might extend through the war zone; and hence, under Rev. St. § 4526 (Comp. St. 1916, § 8317), seamen were entitled only to wages prior to that event.

In Admiralty.   Libel by A. T. Foreman and others against J. M. Benas & Co.   Libel dismissed.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Silas B. Axtell, of New York City, for libelants.
John D. Stephanidis, of New York City, for respondent.

AUGUSTUS N. HAND, District Judge. [1, 2] The respondent excepts to the libel on the ground that it states no cause of action. Libelants were seamen, who signed articles for a voyage on an American vessel from New York to London, and such other ports in Europe, "including war zone," as the master might direct, and back to a final port of discharge in the United States, north of Cape Hatteras. The vessel was torpedoed by Germany in March, 1917, apparently in the war zone, for so the original libel alleged. The amended libel sets up representations by the respondent that in case of any disaster the libelants would be paid their wages up to the date of their arrival back to the port of shipment, and alleges that the vessel carried contraband. Suit is brought for wages from date of destruction of vessel to their arrival in the United States. If the representations were made before the articles were signed, they are merged in the articles; and if made later they were of no effect, because without consideration. No deception as to the contents of the articles is alleged, or failure to read the same to the seamen pursuant to law. Under such circumstances oral promises can have no legal effect. Northwestern S. S. Co. v. Turtle, 162 Fed. 256, 89 C. C. A. 236.

[3, 4] The carrying of contraband did not increase the legal risk if the ship was sunk in the war zone. Even if it was not, the case of Austin-Friars S. S. Co. v. Strack, 2 K. B. (1905) 315, can hardly be regarded as applicable to the present situation. In that case it was held, where articles were signed before hostilities between Russia and Japan commenced, that the taking on of a cargo of contraband goods thereafter created a venture materially different from that for which the seamen had engaged, and that a capture of the vessel was not a "loss of the vessel" which terminated the seamen's contract and right to wages. When that case was decided, the Russian-Japanese war was being conducted according to recognized principles of international law, which were abandoned by Germany prior to the time when the articles were signed in this case. The proclamation of the Imperial Government as to the "war zone," and the subsequent proclamation limiting the number per week and defining the permissible route of American vessels, rendered every American vessel engaged in European trade, which was not armed, or under convoy, exposed to daily risk of destruction by German submarines. This was particularly so after the severance of diplomatic relations with this government. I think it is ignoring the substance of things to regard the carrying of contraband without notice to the seamen, where the articles provided for passage through the war zone, as a material variation of the libelants' contract. The torpedoing of the vessel was in my opinion a loss which terminated the voyage, and entitled the libelants, under section 4526 of the Revised Statutes (Comp. St. 1916, § 8317), only to wages prior to that event.

The exceptions must be sustained, and the libel dismissed.